NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN MCLEOD, III, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 14-5129 (JBS/KMW) |
| COUNTY OF GLOUCESTER, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, Chief Judge:**

In this action, <u>pro se</u> Plaintiff John Mcleod, III, generally alleges that, on June 8, 2006, a Franklin Township Police Officer arrested Plaintiff for the alleged violation of a restraining order, without independently verifying the active status of the restraining order.  As a result of the Officer's alleged failure, Plaintiff asserts that county authorities confined him for seventy-three days, but subsequently released him upon discovery that no active restraining order existed at the time of Plaintiff's arrest.  Plaintiff therefore seeks damages against the "County of Gloucester" for "false arrest and false charges." (Compl. [Docket Item 1].)  Because Plaintiff seeks to bring this action <u>in forma pauperis</u>, the Court has an

obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2).
The Court finds as follows:

1.   Because Plaintiff's application discloses that he is
indigent, the Court will, pursuant to 28 U.S.C. § 1915, permit
the Complaint to be filed without prepayment of fees, and will
direct the Clerk of Court to file the Complaint.

2.   Section 1915(e)(2)(B) requires the Court to screen the
complaint and to dismiss any claim that is frivolous or
malicious, fails to state a claim, or seeks monetary relief
against a defendant who is immune from such relief.  See 28
U.S.C. § 1915(e)(2)(B)(i)-(iii).  Moreover, when "the face of
the complaint" clearly reflects a statute of limitations
defense, "a court may sua sponte dismiss the complaint [with
prejudice] pursuant to 28 U.S.C. § 1915[.]"  McPherson v. U.S.,
392 F. App'x 938, 943 (3d Cir. 2010); see also Abulkhair v.
PPI/Time Zero, Inc., 398 F. App'x 710, 711 (3d Cir. 2010).  The
Court draws the facts of this action from Plaintiff's Complaint
and, for the purposes of this screening, accepts the factual
allegations as true.

3.   Plaintiff's Complaint, on its face, concerns an arrest
and subsequent incarceration that Plaintiff alleges occurred on
June 8, 2006.  (Compl. [Docket Item 1].)  Though Plaintiff does
not set forth the precise authority for his claims, Plaintiff
appears to assert that the "County of Gloucester" effected a

2

deprivation of Plaintiff's constitutional rights in derogation of 42 U.S.C. § 1983.  (Id.)  Section 1983 generally provides a federal cause of action against any person who, "under color of" state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]"  42 U.S.C. § 1983.

4.   A section 1983 case must be timely filed within the limitations period.  "New Jersey's two-year limitations period on personal injury actions, N.J.S.A. 2A:14-2, applies to civil rights claims under § 1983."  Montgomery v. De Simone, 159 F.3d 120, 126 n.4 (3d Cir. 1988) (citation omitted).  Consequently, in light of the allegations in the Complaint, this suit must have been filed within two years of Plaintiff's arrest.  See Singleton v. DA Phila., 411 F. App'x 470, 472 (3d Cir. 2011).  Plaintiff, however, submitted his Complaint on August 15, 2014, well beyond the two-year limitations period applicable to his "false arrest and false charge" claims.  (Compl. [Docket Item 1].)  The expiration of the applicable statute of limitations constitutes an incurable defect to the viability of Plaintiff's claims.  See Abulkhair, 398 F. App'x at 711-12.  The Court shall therefore dismiss Plaintiff's Complaint with prejudice pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[1]  See id.

   5.   The Court also notes that Plaintiff has only asserted at this time claims against the County of Gloucester.  (See Compl. [Docket Item 1].) While a municipality constitutes a "person" for the purposes of § 1983, see Bd. of the Cnty. Comm'rs of Bryan Cnty, Okla. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 689 (1978)), § 1983 does not allow municipal liability under a theory of respondeat superior.  See id.  In other words, § 1983 does not render a municipality liable "merely for employing someone who violates a person's civil rights; rather, a municipality is liable only where it has in place a policy or custom that led to the violation."  Nelson v. Herbert, Nos. 12-2575, 12-1231, 2013 WL 163249, at *8 (D.N.J. Jan. 14, 2013). Plaintiff's Complaint in this action concerns the actions of individual police officers, namely, Franklin Township Police Officer Jeff McGuigan.  Plaintiff names in this action only the

---

[1] Plaintiff vaguely refers to a prior "Civil Action Complaint" against "Defendant" in which a "Judge" dismissed Plaintiff's complaint on timeliness grounds.  (Compl. [Docket Item 1].) Plaintiff alleges that the Clerk of Court advised him at that time that his allegations could be revisited by the "District Court[,]" without pursuing an appeal.  (Id.)  Though Plaintiff is presently pursuing an unrelated action in this District, Mcleod v. County of Gloucester, Civil Action No. 14-2921 (JBS/AMD), the Court finds no record of an action concerning his 2006 arrest and detention.

County of Gloucester, but sets forth no facts, nor even alleges, that the County of Gloucester had "in place a policy or custom" that gave rise to the alleged constitutional violation.  Id. Rather, Plaintiff appears to rely solely upon respondeat superior allegations, which are also subject to dismissal for failure to state a claim upon which relief can be granted.  See id.

6.   In sum, because the statute of limitation applicable to Plaintiff's false arrest and false charge claims has expired, those claims will be dismissed with prejudice for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Abulkhair, 398 F. App'x at 711-12.

7.   An accompanying Order will be entered.


**September 2, 2014**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge